# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 25, 2021

Lyle W. Cayce
Clerk

No. 20-50835
Summary Calendar

Shazizz Mateen, *also known as* Reginald Bowers,

*Plaintiff—Appellant*,

*versus*

FNU LNU, *Unknown Ambulance Company*; FNU LNU, *Personnel #1 of Unknown Ambulance Company*; FNU LNU, *Personnel #2 of Unknown Ambulance Company*; FNU LNU, *Personnel #3 of Unknown Ambulance Company*; FNU LNU, *Unknown Hospital*, et al,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:20-CV-830

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Shazizz Mateen, a Texas pretrial detainee, appeals the dismissal of his in forma pauperis (IFP) 42 U.S.C. § 1983 complaint alleging a vast conspiracy

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

pursuant to which, inter alia, he was lobotomized and had an artificial-intelligence chip inserted into his brain that turned him into an android slave. The district court dismissed the complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

A complaint lacks an arguable basis in fact and is factually frivolous when the allegations are "fanciful, fantastic, and delusional," or when they "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (internal quotation marks and citations omitted). We review a district court's dismissal of a complaint as frivolous for abuse of discretion. *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013). As Mateen's claims are patently delusional, the district court did not abuse its discretion. *See Hernandez*, 504 U.S. at 32-33; *Rogers*, 709 F.3d at 407.

The judgment of the district court is AFFIRMED. Our affirmance of the district court's dismissal constitutes a single strike for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Mateen is WARNED that, if he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).